```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**WENDELL L. PETTRY,**

    **Plaintiff,**

v.                                   Case No. 2:10-cv-00804

**STATE OF WEST VIRGINIA,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff has filed a Complaint under 42 U.S.C. § 1983 (docket # 1). He did not, however. submit the $350 filing fee or an Application to Proceed Without Prepayment of Fees and Costs. Plaintiff is an inmate at the Mount Olive Correctional Complex, serving a sentence for first degree robbery and physical violence. Plaintiff had three prior convictions in the State of West Virginia. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.

The Supreme Court further explained its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

### **PLAINTIFF'S ALLEGATIONS**

On March 9, 2010, Plaintiff filed the instant Complaint, alleging as follows [spelling corrected]:

> I was sent to prison with fact I had a head injury and ask for an evaluation to prove my claim and feel I should never be sent to prison for I received brain damage severely and feel it was wrong to be sent to prison under such circumstances.
>
> Also Mr. Pettry claims he was put on Quality of Life under false statements and mistreated by staff programs committee and other staff and feels has been discriminated and badgered by the staff at M.O.C.C.
>
> Magistrate B. Greenwood did sentence me to lockup under false claims.

(# 1 at 5-6). Plaintiff's Complaint further states:

> Mental health at M.O.C.C. refused to put me on their unit for help which violates one of the Amendments.

(Id. at 7). Plaintiff seeks the following relief:

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

3

> I feel I should be granted relief of $300[,]000 dollars and released and West Virginia which is cruelty and unusual punishment. $300[,]000 from WVA for relief.

(Id. at 6).

## ANALYSIS

On April 2, 2008, Plaintiff filed four other cases in this court concerning similar allegations against the State of West Virginia. Plaintiff has named the State of West Virginia as the only defendant herein. A suit against a state or a state agency for money damages is barred by the Eleventh Amendment. A state agency is not a "person" within the meaning of 42 U.S.C. § 1983, and can only be sued for injunctive relief. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims against the State of West Virginia Division are barred by the Eleventh Amendment.

Furthermore, in Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a prisoner's claim for monetary damages may not be brought under section 1983 if that claim "necessarily impl[ies] the invalidity of [the prisoner's] conviction or sentence." This rationale also applies to judgments handed down in prison disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641 (1997). In essence, a "conviction" in the prison disciplinary setting is the finding of guilt on the disciplinary charge. Thus, for a plaintiff to succeed on a section 1983 claim challenging a

disciplinary finding, the plaintiff must first show the invalidity of that finding, and Heck bars the claim until such time as its requirements are satisfied.  To the extent that Plaintiff's Complaint is asserting that he is improperly incarcerated, or that he was placed in lockup based upon false claims, Plaintiff has not demonstrated that his conviction or any disciplinary actions have been invalidated.

Plaintiff's allegations also fail to meet the standard set by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995).  In that case, the Court held that liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484 (internal citations omitted).  Plaintiff's allegations suggest no hardship which is either atypical or significant.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint under 28 U.S.C. § 1915A.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to counsel of record.

September 17, 2010
Date

Mary E. Stanley
United States Magistrate Judge

6